White J.
This case depends on the question whether the pardon had the effect to release the plaintiff from the judgment for costs. '
In determining this question, we deem it unnecessary to consider the meaning and operation of section forty-one of the act providing for the punishment of crimes, to which our attention has been directed in the argument. S. & C. Stat. 417.
Under the constitution the governor has “power, after conviction, to grant reprieves, commutations and pardons, for all crimes and offences except treason and cases of impeachment, upon such conditions as he may think proper ; subject, however, to such regulations as to the manner of applying for pardons, as may be prescribed by law.”
The plaintiff was convicted of manslaughter, and the statute provides, that every person found guilty of that offence shall be imprisoned in the penitentiary, and kept at hard labor for not more than ten years, nor less than one year. S. & C. Stat. 408.
Section thirty-eight of the act declares what the sentence shall contain, and also-provides for a judgment for costs. The section is as follows : “ That in all cases, when any person shall be convicted of any offence by this act declared criminal, and made punishable by imprisonment in the penitentiary, the court shall declare, in their sentence, for what period of time, within the respective periods prescribed by law, such convict shall be imprisoned, at hard labor, in the penitentiary; and shall, moreover, determine and declare in their sentence,whether any, and if any, for what period of time such convict shall be kept in solitary confinement in the cells of the penitentiary, without labor; and shall render judgment against such convict for the costs of prosecution, and award execution thereon, against the goods and .chattels, lands and tenements of said convict.”
*419 By the act of March 7, 1835, in relation to the collection of costs in such cases, it is made the duty of the prosecuting attorney of the county in which the judgment has been rendered, to take charge of, and superintend the collection thereof by execution. The act of March 4, 1844, “ further to provide for the collection of costs in criminal cases,” requires the clerk, immediately upon the passage of sentence, to issue an execution against the goods and chattels, lands and tenements of the person convicted; which execution the sheriff is required to return within ten days, with the indorsement of his proceedings thereon, or the want of property upon which to levy, as the case may be. No costs can be paid out of the State treasury until the property of the defendant, liable to execution, appears to have been exhausted. S. & C. Stat. 1185, 6, 7.
By these statutes the convicted defendant is charged with the payment of the costs. The taxation of costs is designed to provide a compensation for those who have been required to render services in the prosecution. The provision authorizing the payment of the costs out of the county treasury is intended for the security and convenience of those to whom they are due; and the county is to be reimbursed from the property of the defendant, or, if that should fail, from the State treasury
The pardon is to be read in the light of the constitutional provision, and of these statutes. Read in this light, can it, by fair construction, be held to release the plaintiff from the judgment for costs ?
The governor was authorized to grant the pardon upon such conditions as he saw proper. At the time it was granted the plaintiff was a judgment debtor for the costs; and was also under sentence of imprisonment in the penitentiary for a term of years. The pardon recites the fact of the plaintiff’s conviction and of his sentence to imprisonment, but makes no reference to the judgment for costs. The grant is declared to be of pardon from “ the sentence aforesaid;” that is, the sentence of imprisonment.
True, the pardon is characterized as general, and to the *420 extent that it operates at all, its operation is general. But, in our opinion, it does not reach the judgment for costs.
This view is fully sustained by the authorities : 2 Hawk. P. C. 535, s. 12 ; 7 Bac. Ab. 411, title “Pardon,” letter D.; Anglea v. The Commonwealth, 10 Gratt. R. 696 ; People v. Pease, 3 Johns. Cas. 334; 1 Bishop’s C. L. §§ 756 (707), 760 (711).
The case of Blanchard v. The State (Wright’s R. 377), is cited in support of the plaintiff. We have examined that case and the authority cited in support of the decision. The terms of the pardon do not appear in the report. We cannot say, therefore, whether our opinion as to the construction of the terms of the pardon in this case is in conflict with that decision or not. It is to be observed, however, that the case was decided before the passage of the acts to which we have referred, in the light of which the pardon in the present case is to be construed.
We do not question the authority of the governor, in granting a pardon, to release the uncollected costs that may be coming to the State. What we hold is, that in the present instance he is not shown to have done so.
The injunction is dissolved, and the petition dismisssed.
Welch, C.J., and Day, McIlyaine and West, J.J., concurred.